This is a suit brought by the plaintiff to recover the sum of $150 from the defendant for the loss of a 950 lb. horse which was injured when it was run into by the defendant's truck which he was driving on the highway, and as a result of which injuries it had to be killed.
Plaintiff alleges that on the evening of November 8, 1945 his horse was feeding along a gravel highway in the northern part of Livingston Parish and that at the time, defendant was driving his log truck in a westerly direction in a reckless and dangerous manner, and at a high rate of speed. He then avers that he believes, and so believing alleges, that the defendant saw his horse in ample time to avoid striking it and therefore the accident was caused by the defendant's gross and negligent operation of his truck. He alleges that the sum of $150 which he is demanding represents a reasonable value for his horse.
The defendant filed an exception of no right or cause of action which was referred to the merits, after which he filed his answer in which he admits hitting the animal with his truck on the day alleged, but denies that it was hit through any fault on his part and on the contrary, avers that the accident was entirely unavoidable. He sets out that about 7:30 p.m. on that day, he was driving his truck from a neighborhood store to his home, at the rate of about 40 miles an hour, when the horse which had been standing in a ditch among tall weeds, cut across the road ahead of him, from his left-hand side of the road, to the right, and about 30 feet ahead of his truck; that he attempted to miss striking it by cutting sharply to his left, but in spite of his every effort, the right fender and part of the radiator of the truck, hit the horse in the hind-quarters. He denies that he ever admitted to the plaintiff that the horse had been killed through his fault, as the plaintiff had alleged in his petition, but that immediately after the accident, after ascertaining whose horse it was, he went to the home of the plaintiff and took him back to the scene of the accident without at any time admitting any negligence or liability for what had happened.
In his answer defendant reconvenes and, charging the defendant with negligence in letting his horse run at large on the highway at night, asks that he recover damages in the sum of $51.14 from him, that being what it cost him to have the radiator of his truck as well as other parts of it repaired.
After trial in the court below there was judgment in favor of the plaintiff in the sum of $100 whereupon defendant took this appeal. Apparently the plaintiff is satisfied with the amount of damages awarded as he has not answered the appeal.
The testimony is very conflicting and the only fact which can be said to be uncontradicted is that there is no stock law at least in that part of Livingston Parish, to keep animals from roaming at large. *Page 390 
There were no eye-witnesses to the accident except the defendant himself. The testimony of all the other witnesses relates to the conditions existing on and about the highway when they visited the scene the same night, shortly after the accident had happened. If we are to accept the defendant's testimony it would appear that this horse was almost concealed in a thick growth of what he calls "yankee weeds", as tall as the horse himself, along the highway on his left, as he proceeded west, and that when he was within a short distance from it, it suddenly jumped in front of him from the weeds onto the road. He says, as he had alleged in his answer, that he tried to dodge it by passing to the left but that the horse ran back and forth across the road and he was unable to avoid striking it.
The defendant's witnesses testifying from what they saw at the scene of the accident say that the tracks made by the truck and the horse's hoofs would indicate that they both zigzagged and the truck followed the horse quite a bit before it was finally hit. All of these witnesses seem to be positive that there were no weeds on the side of the road tall enough to hide this horse from the view of an approaching motorist. There is some conflict in the testimony as to whether the night was clear and the moon shining or not, but that, in our opinion, would make no difference, as it is admitted that the defendant's truck had bright headlights burning and they cast a beam more than 200 feet ahead of it. There is no reason that we can see why, in as narrow a road as this seems to have been, defendant could not have seen this horse in time, and taken precautions to pass safely ahead of it. If the horse did suddenly leave the left-hand side of the road, the preponderance of the testimony is to the effect that it ran ahead of the truck quite a while before it was struck. Had the defendant been going at a proper rate of speed and had his truck under control, there is no reason why he could not have avoided the accident.
There is considerable testimony on the point as to whether defendant admitted his fault to the plaintiff or not. Assuming however that he did not, he nevertheless offered the plaintiff to pay him $75 which, after all is not much less than what the trial court found to be the actual value of the horse when rendering judgment in favor of the plaintiff. Such an offer in a case like this, implies that there was more involved in it than the mere desire, as he says, of keeping on friendly and neighborly terms with the plaintiff.
The case has to be decided according to which side of the testimony the court will accept or not. The trial judge did not assign written reasons but evidently believed the plaintiff and his witnesses and as we look upon this as one of those cases in which his appreciation of the testimony is entitled to great weight on appeal, we find ourselves constrained to affirm the judgment. Plaintiff has not answered the appeal and the amount awarded by the trial judge appears to us to be supported by the testimony relating to the value of the horse.
Judgment affirmed at the costs of the defendant, appellant herein.